UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

RECEIVED
4-20-11
APR 20 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| RICHARD E. LARKIN, JR.,<br>1002 North Plum Grove Road<br>Suite - 316<br>Schaumburg, Illinois 60173<br>     **Plaintiff,**<br><br>v.<br><br>**WILLIAM RAINEY HARPER COLLEGE,**<br>1200 West Algonquin Road<br>Palatine, Illinois 60067<br>**Robert L. Breuder,**<br>President, College of DuPage<br>425 Fawell Boulevard<br>Glen Ellyn, Illinois 60137-6599<br>**Joan Kindle,**<br>William Rainey Harper College<br>Building D, Room D129<br>1200 West Algonquin Road<br>Palatine, Illinois 60067<br>**Ashley Knight,** Dean of Wellness<br>William Rainey Harper College<br>Wellness and Sports Center<br>Building M, Room M219<br>1200 West Algonquin Road<br>Palatine, Illinois 60067<br>**Susan Overland,**<br>Co-Chair, Physical Education Department<br>William Rainey Harper College<br>Wellness and Sports Center<br>Building M, Room M219<br>1200 West Algonquin Road<br>Palatine, Illinois 60067<br>**Renee Zellner,**<br>Co-Chair, Physical Education Department<br>William Rainey Harper College<br>Wellness and Sports Center<br>Building M, Room M219<br>1200 West Algonquin Road<br>Palatine, Illinois 60067<br>**David T. Richmond,**<br>Associate Professor of History<br>William Rainey Harper College<br>History and Political Science<br>Building I, Room I112 / I115<br>1200 West Algonquin Road<br>Palatine, Illinois 60067<br><br>     **Defendants,** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **COMPLAINT**<br>C.A. No._____<br>**TRIAL BY JURY DEMANDED**<br><br>JUDGE_____<br><br>**FILED**<br>4/25/11<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT<br><br>11cv2650<br>Judge Charles R. Norgle, Sr<br>Magistrate Jeffrey T. Gilbert |

INTRODUCTORY STATEMENT

1. This complaint arises from the plaintiff being wrongfully terminated by the defendants in violation to the Fourteenth Amendment to the United States Constitution, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981, § 1981a, § 1982, and § 1983. The defendants also deprived the plaintiff of his liberty, of his civil rights and not granting him equal and fair equitable execution of his rights.

2. The plaintiff was a tenured faculty member at William Rainey Harper College (College) in the department of physical education with in the Wellness and Human Performance (WHP) Division. He was hired in August of 2002, and he was wrongfully terminated in July 2008. He was the only African-American and minority full-time faculty member in the entire WHP division at that time. Just after the plaintiff received his tenure in May 2006, the plaintiff received a new white supervisor who started projecting a racial bias towards him almost immediately after her hire in August 2006. The way the defendants had the plaintiff terminated was by claiming hearsay by an alleged "one student" in one of my lecture classes sitting among approximately 40 other students during a lecture claiming that I committed sexual harassment because this "one student" didn't like the way I was lecturing to her ears within an entire class of approximately 40 students. The course title of the class in question by this hearsay "one student" was "Human Sexuality."

3. When the plaintiff filed for unemployment benefits with the Illinois Department of Employment Security (IDES), the College filed three judicial appeals with the IDES (two x one Judge hearings with transcripts; and one x five Judge Board of Review). The College was represented by Robbins, Schwartz, Nicholas, Lifton, & Taylor, LTD. (RSNLT) and lost all three appeals back-to-back against the plaintiff (pro se). The IDES findings in all three appeals was that they could not find any form of misconduct or sexual harassment that was perpetrated by the plaintiff. Furthermore the IDES found that the college termination of the plaintiff was purely on the basis of hearsay. **The College, legal representatives, RSNLT, tried to mislead the IDES five Judge Board of Review with a stratagem of exhibits totaling over 500 pieces of paper of irrelevant data in order to obfuscate the judicial board.**

4. The college turned down all four settlement offers made by the plaintiff with the last effort merely asking to be reinstated with all back pay. Even with the last two efforts being turned down by the new president, Dr. Kenneth Ender of the College.

JURISDICTION AND VENUE

5. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

6. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

PARTIES,

7. Plaintiff, Richard E. Larkin, Jr., is and was, at all times relevant hereto, a citizen of the United States and a resident of the State of Illinois, including Cook County.

8. Defendant William Rainey Harper College (College) has continuously been and is now doing business in the State of Illinois, including Cook County, and has continuously had at least fifteen (15) employees.

9. Defendant Robert L. Breuder was, at all times relevant hereto, the president of the College. He is sued in his individual capacity.

10. Defendant Joan Kindle was, at all times relevant hereto, the vice president of the College. She is sued in her individual capacity.

11. Defendant Ashley Knight was, at all times relevant hereto, the Dean of WHP at the College. She is sued in her individual capacity.

12. Defendant Susan Overland was, at all times relevant hereto, the Co-Chair of the Physical Education Department at the College. She is sued in her individual capacity.

13. Defendant Renee Zellner was, at all times relevant hereto, the Co-Chair of the Physical Education Department at the College. She is sued in her individual capacity.

14. Defendant David T. Richmond was, at all times relevant hereto, the assistant professor of history at the College. He is sued in his individual capacity.

## STATEMENT OF FACTS

15. The College District 512 comprises these communities: Arlington Heights, Barrington, Barrington Hills, Elk Grove Village, Inverness, Lake Barrington. Mount Prospect, North Barrington, Palatine, Prospect Heights, Rolling Meadows, Schaumburg, South Barrington, Tower Lakes, Wheeling and portions of Hoffman Estates, Deer Park, Buffalo Grove, Carpentersville, Des Plaines, Roselle, Fox River Grove. The College is approximately 25 miles northwest of downtown Chicago, Illinois in the suburb of Palatine. The College offers classes and services at many locations within District 512: the Northeast Center (NEC), Prospect Heights, the College Professional Center (HPC), Schaumburg, and the Illinois Small Business Development Center (ISBDC) has an office within the College Professional Center in Schaumburg. The College works in partnership with the Illinois workNet Center to provide on-site career training and job search support located in Arlington Heights. The college was established by referendum in 1965 and opened September 1967. It is named for Dr. William Rainey Harper, a pioneer in the junior college movement in the United States and the first president of the University of Chicago.

16. Plaintiff was terminated from the college in July 2008.

17. The College based the termination of a tenured faculty member, the plaintiff on hearsay by an alleged "one student" in one of the plaintiff's classes sitting among approximately 40 other students during a lecture claiming that the plaintiff committed sexual harassment because this "one student" didn't like the way the plaintiff was lecturing to her ears within an entire class of approximately 40 students in the course and lesson subject of "Human Sexuality" without bringing her forward to provide a first-hand eyewitness account.

18. The College based the termination of a tenured faculty member, the plaintiff on hearsay by an alleged "students" without bringing any of them forward to provide a first-hand eyewitness account.

19. The College used falsified documentation in order to substantiate the defendant's rationale for an illicit termination of the plaintiff's position as an associate professor of physical education in the division of WHP.

20. The College retaliated against the plaintiff which resulted in an illicit termination of his position as an associate professor of physical education in the division of WHP.

21. The plaintiff was the only African-American and minority full-time faculty member in the entire WHP division at that time.

CAUSE OF ACTION

By wrongfully terminating the plaintiff from his position as an Associate Professor of Physical Education, the defendants deprived the plaintiff of gainful employment to the above said position. By these actions and subsequent documents made by Defendants which damaged Plaintiff's reputation. Defendants violated the plaintiff rights under the Constitution of the United States by depriving him of his liberty due to the Fourteenth Amendment to the United States Constitution, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981, § 1981a, § 1982, and § 1983., and by racial discriminatorial practices, through conspiracy, retaliation, due process of law, and the falsification of documents, in violation of due process clause of the Fourteenth Amendment to the United States Constitution. The defendants also deprived plaintiff of his liberty, of his civil rights and not granting him equal and fair equitable execution of his rights pursuant Civil Rights Act of 1866 to the United States Constitution.

WHEREFORE, plaintiff requests judgment against defendants as follows:

a. Complete reinstatement with current title, current salary, and all back pay

b. Compensatory damages of $2,163,000.00

b. Punitive damages of $19,467,000.00

c. An award of reasonable attorney fees and plaintiff's costs in his behalf expended.

by _____
Richard E. Larkin, JR.
**IN PRO SE**