IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD E. LARKIN, JR., ) | |
| ) | |
| Plaintiff, ) | Case No. 11 CV 2650 |
| ) | |
| v. ) | Judge Charles R. Norgle, Sr. |
| ) | |
| WILLIAM RAINEY HARPER ) | Magistrate Jeffrey T. Gilbert |
| COLLEGE, ROBERT L. BREUDER, ) | |
| JOAN KINDLE, ASHLEY KNIGHT, ) | |
| SUSAN OVERLAND, RENEE ) | |
| ZELLNER, and DAVID T. RICHMOND, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION TO DISMISS

NOW COME Defendants, WILLIAM RAINEY HARPER COLLEGE (the "College"), ROBERT L. BREUDER ("Breuder"), JOAN KINDLE ("Kindle"), ASHLEY KNIGHT ("Knight"), SUSAN OVERLAND ("Overland"), RENEE ZELLNER ("Zellner"), and DAVID T. RICHMOND ("Richmond") (collectively "Defendants"), by and through their Attorneys, Frank B. Garrett III and Camille Cribaro-Mello of ROBBINS, SCHWARTZ, NICHOLAS, LIFTON & TAYLOR, LTD., and in support of their Motion to Dismiss the Complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, provide the instant Memorandum of Law as follows:

I.  **INTRODUCTION**

Plaintiff, Richard Larkin, is a former faculty member of Harper College. Larkin was employed as an Associate Professor from August 2002 until his employment was

terminated in July 2008. Now, nearly three years after his termination, Larkin has filed the instant Complaint.

Plaintiff's Complaint is indecipherable, but at its core is the allegation that the termination of his employment in July 2008 ran afoul of the law. (Complaint, ¶¶ 2, 16). Based on the allegations related to Plaintiff's employment with the College, Plaintiff appears to assert claims of discrimination and/or retaliation relative to his July 2008 termination under Title VII of the Civil Rights Act of 1964, as amended.

Plaintiff's Complaint also references various other federal statutes and purports to allege that his July 2008 termination, through the unspecified actions of the College and the individually named Defendants, deprived him of his Fourteenth Amendment rights and violated 42 U.S.C. §§ 1981, 1981a, 1982 and 1983.

Putting aside Plaintiff's failure to adhere to the requirements of Rule 8 and Rule 10 of the Federal Rules of Civil Procedure (see part III, *infra*), as demonstrated below, the Complaint fails to state claims against Defendants for which relief may be granted and Plaintiff's Complaint should be dismissed in its entirety.

## II. THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULES 12(b)(1) AND 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

### A. Standard for a Motion to Dismiss.

On a motion to dismiss, the court accepts as true all of the well-plead factual allegations of the complaint. *Frank Bros., v. Wisc. Dep't of Transp.*, 409 F.3d 880, 885 (7th Cir. 2005). However, the court is not required to accept assertions of law or unwarranted factual inferences. *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005). Thus, if there is no set of facts which would entitle the plaintiff to relief, the complaint should be dismissed. *Id.*; *Frank Bros.*, 409 F.3d at 885.

### B. Plaintiff's Title VII claims are time-barred.

The Complaint should be dismissed because, as a matter of law, Plaintiff's Title VII claim is not like or reasonably related to his EEOC charge and is time-barred. Accordingly, this Court lacks subject matter jurisdiction to consider Plaintiff's Title VII claims.

Before challenging an unlawful employment practice under Title VII, a plaintiff must first file a timely EEOC charge. *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 127 S. Ct. 2162, 2166, 167 L. Ed. 2d 982 (2007). Such a charge must be filed within 300 days after the alleged unlawful employment practice occurred or else the plaintiff may not challenge the practice in court. *Id.*, at 2166-2167. This requirement ensures that the employer has notice about the particular challenged conduct. *Miller v. American Airlines, Inc.* 525 F.3d 520, 525 (7th Cir. 2008).

A plaintiff may only proceed on a claim not explicitly mentioned in his EEOC charge if the claim is like or reasonably related to the EEOC charge and the claim in the complaint reasonably could be expected to grow out of an EEOC investigation of the charge. *Id.* (citations omitted). When considering whether the alleged discriminatory conduct complained of by Plaintiff was timely brought before the EEOC, the Court must consider whether the discrete unlawful practice was included in Plaintiff's EEOC Charge. *Ledbetter*, 127 S. Ct. at 2169. "At the very least, the allegations in the complaint must involve the same conduct...as the underlying EEOC Charge of Discrimination." *MacGregor v. DePaul Univ.*, 2010 WL 4167965 *1, *4, (N.D. Ill. 2010); citing *Graham v. AT&T Mobility, LLC*, 247 Fed. App'x 26, 28-29 (7th Cir. 2007); *See also Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996). Plaintiff's EEOC charge

3

and Notice of Suit Rights, which Plaintiff failed to attach to his Complaint are properly attached hereto as Exhibits A and B.

        (1)    <u>Plaintiff's Claims of Discrimination under Title VII are not Like or Reasonably Related to the Claims contained in his EEOC Charge.</u>

The Plaintiff's theory of discrimination, as alleged in the Complaint, is wholly unrelated to the allegations of discrimination contained in his EEOC charge. Plaintiff's charge of discrimination and retaliation filed in February 2008, asserts that he complained of race discrimination, was subjected to worse terms and conditions of employment and was placed on administrative leave as of January 24, 2008. (Exhibit A). In contrast, the instant Complaint alleges that Plaintiff was "wrongfully terminated" in July 2008. Not only is this allegation wholly unrelated to the allegations in his EEOC charge, there is no reasonable likelihood that this new allegation would have been developed by the EEOC when it investigated Plaintiff's allegations of suffering worse terms and conditions of employment and being wrongfully placed on administrative leave.

Plaintiff's EEOC Charge is premised on the College's decision to place him on administrative leave. Placing an individual on administrative leave is simply not the same conduct as terminating an individual's employment. *Ajayi v. Aramark Business Services, Inc.*, 336 F.3d 520, 527 (7th Cir. 2003) ("When an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are not reasonably related to them...") (citations omitted.) Furthermore, in his charge, Plaintiff asserts that the unlawful conduct (retaliation for complaining of race discrimination, by subjecting him to worse terms and conditions of employment and placing him on administrative leave) occurred on January 24, 2008.

Not only is the conduct complained of profoundly different that the "wrongful termination" complained of in the Complaint, but the alleged discriminatory conduct did not even occur at or around the same time. Plaintiff allegedly suffered different terms and conditions and was placed on administrative leave in January 2008 while his alleged "wrongful termination" occurred in July 2008, <u>six</u> months later. Accordingly, there is no reasonable likelihood that the EEOC would have developed facts surrounding this conduct when it investigated Plaintiff's claims of having suffered worse terms and conditions and administrative leave. Without having raised these new claims before the EEOC, Plaintiff is barred from raising them for the first time in his Complaint.

        (2)    <u>Plaintiff's Claim that his July 2008 termination violated Title VII was not timely filed with the EEOC.</u>

In the *Ledbetter* case, the Supreme Court emphasized the need to identify the specific employment practice at issue when considering whether an EEOC charge was filed on time. The Court noted that "the EEOC charging period is triggered when a discrete unlawful practice takes place" and that "current effects alone cannot breathe life into prior, uncharged discrimination." *Ledbetter*, 127 S. Ct. at 2167. An employment practice is considered a "discrete act or single occurrence that takes place at a particular point in time." *Id.*

Plaintiff's instant Title VII claim of discrimination stems from a discrete act by the College – his "wrongful termination" in July 2008 – that was never complained of to the EEOC. Moreover, the alleged, wrongful termination by the College occurred in July 2008, which means that Plaintiff was required to have filed a charge with the EEOC within 300 days of the occurrence. Plaintiff, however, did not amend his charge upon his termination in July 2008. In order to be considered timely, Plaintiff should have filed

5

an EEOC charge regarding his July 2008 termination by no later than June 1, 2009. Plaintiff failed to do so. Accordingly, Plaintiff's claim that his termination in July 2008 violated Title VII is time-barred and should be dismissed. *See Brown v. Ill. Dept. of Natural Resources*, 499 F.3d 675, 681 (7th Cir. 2007) (a plaintiff is time-barred from filing suit under Title VII for any "discrete act" about which he did not file an EEOC charge within the 300-day EEOC charging deadline).

        (3)    <u>Plaintiff's Complaint was not timely filed within 90-days of his Notice of Rights Letter</u>.

Plaintiff's Complaint also was not timely filed within 90-days of receipt of the Notice of Rights letter (Exhibit B) from the EEOC. Plaintiffs must file their complaints in federal court within ninety days of receipt of a right to sue letter from the EEOC. 42 U.S.C. §2000e-5(f)(1); *Threadgill v. Moore U.S., Inc.* 269 F.3d 848, 850 (7th Cir. 2001). The Seventh Circuit strictly enforces this requirement, even as applied to *pro se* litigants. *Portillo v. Zebra Tech. Corp.*, 154 Fed. Appx. 505, 507 (7th Cir. 2005) (dismissing *pro se* plaintiff's complaint filed ninety-one days after receipt of right-to-sue letter); *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1994) (dismissing complaint filed ninety-two days after receipt of right-to-sue letter); *St. Louis v. Alverno Coll.*, 744 F.2d 1314, 1317 (7th Cir. 1984) (dismissing *pro se* plaintiff's complaint filed more than ninety days after receipt of right-to-sue letter).

The EEOC issued its Notice of Rights letter to Plaintiff on January 19, 2011 and mailed it, via certified mail, to his Schaumburg address, the same address as identified on the Complaint. (Exhibit B). The Complaint contains no information to indicate that Plaintiff did not receive the Notice of Rights letter within three to four days. However, Plaintiff's Complaint was not filed until April 25, 2011, a date which is *more than* ninety

days from the date Plaintiff should have received the Notice of Rights letter. The Complaint also fails to identify any basis for tolling the ninety day limitation period. Absent such basis, even a one-day delay beyond the statutory ninety days is fatal to Plaintiff's claim, regardless of his *pro se* status. *See Portillo*, 154 Fed. Appx. at 507 (7th Cir. 2005) (pro se plaintiff filed on the 91st day); *Hines v. Service Corp. Intern.*, 2008 WL 2692033 *1, *2 (N.D.Ill. 2008) (pro se plaintiff filed one-day late); *Wilson v. Doctor's Hosp. of Hyde Park*, 909 F. Supp. 580, 581 (N.D. Ill. 1996) (pro se plaintiff filed on the 91st day); *see also Walker v. Monticello Convalescent Ctr.*, 1986 WL 10998 at *1 (N.D. Ill. 1986) (in Title VII cases "a miss is as good as a mile" and filing on the 91st day is as fatal to a plaintiff's case as filing one year late). Accordingly, Plaintiff's Complaint is untimely and should be dismissed.

### C. Plaintiff's claims that his constitutional rights were violated under 42 U.S.C. §§ 1981, 1981a, 1982 and 1983 are time-barred.

Plaintiff asserts that the Defendants deprived him of his liberty, his civil rights and "equal and fair equitable execution of his rights" when his employment was "wrongfully terminated" in July 2008. (Complaint, ¶¶ 1, 2). Plaintiff also asserts that he was deprived of his Fourteenth Amendment rights. *Id.* Each of these claims is barred by the statute of limitations and must be dismissed.

Claims under 42 U.S.C §§ 1981, 1981a, 1982 and 1983 must adhere to the statute of limitations for personal injury claims in Illinois, which is two years. *Wolf v. City of Chicago Heights*, 828 F. Supp. 520, 522 (N.D. Ill. 1993), citing 735 ILCS 5/13-202; *Smith v. City of Chicago Heights*, 951 F.2d 834, 836-7 n.1 (7th Cir. 1992); *Kalimara v. Ill. Dept. of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989); *See also Goodman v. Lukens Steel Co.*, 482 U.S. 656, 661 107 S. Ct. 2617, 2621, 96 L.Ed.2d 572 (1987); *Wilson v.*

7

*Garcia*, 471 U.S. 261, 266-68, 105 S. Ct. 1938, 1942, 85 L.Ed.2d 254 (1985). For purposes of the two-year limitation, claims under §§ 1981, 1981a, 1982 and 1983 accrue on the date the plaintiff knows or should know that his constitutional rights have been violated. *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004), *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990). To determine the accrual of claims, a court must first identify the injury and next determine the date on which the plaintiff could have sued for that injury. *Hileman*, 367 F.3d at 696. That date shall be the date the plaintiff knew or should have known that his constitutional rights had been violated. *Id.*

Here, Plaintiff clearly alleges that his injury is the "wrongful termination" that occurred in July 2008. (Complaint, ¶¶ 2, 16). Therefore, the date Plaintiff could have sued for the injury would be the day after his termination occurred July 2008. Certainly a reasonable person in Plaintiff's position would or should have known that his constitutional rights were violated as of that date. There can be no question that Plaintiff's claims under §§ 1981, 1981a, 1982 and 1983 accrued as of the date of his "wrongful termination" in July 2008. As such, there is no set of facts which would entitle the Plaintiff to relief, as his claims under §§ 1981, 1981a, 1982 and 1983, filed on April 25, 2011, are barred by the two year limitations period. Accordingly, Plaintiff's claims that his termination in July 2008 deprived him of his Constitutional rights under §§ 1981, 1981a, 1982 and 1983 should be dismissed entirely as to all Defendants.

## III. IN THE ALTERNATIVE, THE DEFENDANTS MOVE TO STRIKE PURSUANT TO RULE 12(f) AND MOVE FOR A MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e).

In the alternative, and with respect to any claims that are not dismissed pursuant to the Defendants' 12(b)(1) and 12(b)(6) Motion to Dismiss, the Defendants request that the Court require Plaintiff to prepare a more definite statement pursuant to Rule 12(e) and strike as improper paragraphs 3 and 4 of the Complaint pursuant to Rule 12(f).

### A. Paragraphs 3 and 4 of the Complaint should be stricken under Rule 12(f).

Rule 12(f) provides that the Court may strike from a pleading and redundant, immaterial, impertinent or scandalous matter. F.R.C.P. 12(f). Paragraph 3 of the Complaint should be stricken as immaterial, impertinent and scandalous under Rule 12(f).

Section 405/1900 of the Illinois Unemployment Insurance Act provides that "...information obtained from any individual or employing unit during the administration of this Act shall: 1) be confidential, 2) not be published or open to public inspection, 3) not be used in any pending action or court proceeding, (and) 4) not admissible in evidence in any action or proceeding other than one arising out of this Act." 820 ILCS 405/1900(A)(1-4). In addition, any finding, determination, decision, ruling or order issued by Illinois Department of Employment Security is not admissible and cannot be used as evidence in any court proceeding. 820 ILCS 405/1900(B).

It would be superfluous to allow Paragraph 3 to remain in the Complaint when, Illinois law clearly precludes any information obtained from Plaintiff or the College during the processing of Plaintiff's unemployment claim from being admitted into evidence in

this law suit. As such, the allegations contained in Paragraph 3 are immaterial, impertinent and scandalous and should be stricken.

Paragraph 4 of the Complaint also should be stricken as improper, immaterial, impertinent and scandalous under Rule 12(f) as information regarding settlement discussions is generally not admissible. Where motions to strike seek to remove unnecessary clutter from the case, they serve to expedite rather than delay the proceedings and are favored by the courts. See *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Accordingly, the allegations contained in Paragraph 4 should be stricken.

### B. Plaintiff's Complaint fails to conform to the requirements of the Federal Rules of Civil Procedure and Plaintiff should provide a more definite statement.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's Complaint does not comply with this requirement. Rule 10 requires that, "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Plaintiff's Complaint also does not comply with these requirements.

Instead, the Complaint consists of lengthy, multi-sentence paragraphs to which formulating a responsive pleading will be exceptionally difficult and burdensome, if not impossible. In its present state, it is impossible to discern which allegations are directed at which of the Defendants. Taken as a whole, the Complaint is unclear, confusing, and frequently nonsensical in its allegations. The Defendants, individually and collectively, are simply entitled to a better explanation of the wrongs of which each are being

10

accused. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998); *see also Demar v. The Chicago White Sox*, 2006 WL 200640, *4 (N.D. Ill. 2006) (granting the defendant's motion for a more definite statement).

In particular, Plaintiff's claims under §§ 1981, 1981a, 1982 and 1983 cannot be plead in conclusory fashion. The Plaintiff is required to plead facts to show or raise a plausible inference that the Defendants purposefully violated his constitutional rights. *See Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982) (plaintiff "must allege some facts that demonstrate that his race was the reason" for the defendant's actions); *Davis v. Frapolly*, 747 F. Supp. 451, 452 (N.D. Ill. 1989) ("A mere conclusory allegation of intentional discrimination is insufficient" under § 1981). Accordingly, with respect to any claims that are not dismissed pursuant to the Defendants' 12(b)(1) and 12(b)(6) Motion to Dismiss, or stricken pursuant to Rule 12(f), the Plaintiff should be ordered to prepare a more definite statement pursuant to Rule 12(e), and present allegations consistent with Rule 8 and Rule 10.

## IV. CONCLUSION

For the reasons set forth in their Motion to Dismiss and more clearly articulated here, there is no set of facts which would entitle the plaintiff to relief. Accordingly, the complaint should be dismissed with prejudice, pursuant to Rule 12(b)(1) and 12(b)(6).

WHEREFORE, the Defendants, **WILLIAM RAINEY HARPER COLLEGE, ROBERT L. BREUDER, JOAN KINDLE, ASHLEY KNIGHT, SUSAN OVERLAND, RENEE ZELLNER,** and **DAVID T. RICHMOND**, request, for the above stated reasons, that this Honorable Court grant their Motion to Dismiss, and dismiss Plaintiff's Complaint with prejudice, and for such other relief as this Court deems just and proper.

Respectfully submitted,

By: /s/ Camille Cribaro-Mello
One of Defendants' Attorneys

Frank B. Garrett III (6192555)
Camille Cribaro-Mello (6269578)
ROBBINS, SCHWARTZ, NICHOLAS,
  LIFTON & TAYLOR, LTD.
55 W. Monroe, Suite 800
Chicago, Illinois 60603
(312) 332-7760
(312) 332-7768 – fax