UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

FILED
AUG 0 5 2011
AUG 05 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RICHARD E. LARKIN, JR.,            )
                                   )
         Plaintiff,                )
                                   )
v.                                 )   C.A. No. **11cv2650**
                                   )   TRIAL BY JURY DEMANDED
                                   )
WILLIAM RAINEY HARPER COLLEGE,     )   JUDGE: Charles R. Norgle, Sr.
                        et al.,    )   MAGISTRATE: Jeffrey T. Gilberg
                                   )
         Defendants,               )

## REBUTTAL TO DEFENDANTS' MOTION TO DISMISS

Come now the plaintiff, Richard E. Larkin, Jr., in pro se, and counterclaim to defendants assertion of Rules 12 (b)(1), 12(b)(6), 12(e), and 12(f) of the Federal Rules of Civil Procedures, and in plaintiff's defense pursuant to Rules 7(a)(1), 8(a)(1), 8(a)(2), and Rule 8(a)(3) of the Federal Rules of Civil Procedures move this Court not to grant defendants' Motion to Dismiss with prejudice.

1. Pursuant to paragraph 2 of defendants' motion to dismiss is a fallacious claim. The plaintiff opposes defendants' assertion because the claim made by the plaintiff is not restricted exclusively to his July 2008 termination. The defendants are ignoring all violations committed against the plaintiff prior to his July 2008 termination and continuing to precede to November 15, 2006 and ongoing after July 2008. The plaintiff's complaint also includes racial discrimination, conspiracy, and retaliation due to engaging in protected activity in violation to Title VII of the Civil Rights Act of 1964, as amended. This is substantiated by defendants' exhibit A, page 2, subsection titled "the particulars are" paragraph 1 and 2. Furthermore, the plaintiff's claim of racial discrimination and retaliation began as of November 15, 2006 and continuous until his July 2008 termination, this is substantiated by defendants' exhibit A, page 2, subsection titled "discrimination based on," subsection titled "date(s) discrimination took place," and plaintiff's bill of complaint, paragraphs directly beside or under the following subheadings: 1, 2, 17, 18, 19, 21, and "cause of action."

2. Pursuant to paragraph 3 of defendants' motion to dismiss is another fallacious claim. The plaintiff opposes defendants' assertion because the claim made by the plaintiff is not restricted exclusively to his July 2008 termination. Furthermore, the defendants' premise is erroneously establish as to purport to allege that the plaintiff's complaint is based upon a single violation relative to his July 2008 termination, this is substantiated by defendants' exhibit A, page 2, subsection titled "discrimination based on," subsection titled "date(s) discrimination took place," and plaintiff's bill of complaint, paragraphs directly beside or under the following subheadings: 1, 2, 17, 18, 19, 21, and "cause of action.".

3. Pursuant to paragraph 4 of defendants' motion to dismiss concerning plaintiff's alleged violation of FRCP 12(b)(6), the plaintiff opposes defendants' assertion because the claims made by the defendants' are not substantiated properly. Plaintiff's pleading do indeed state claims for which relief may be granted, this is substantiated by three criteria. First, a statement of the grounds for court's jurisdiction substantiated by plaintiff's complaint, paragraphs 5, 6, and pursuant to FRCP Rule 8(a)(1). Second, a statement of a claim that shows the plaintiff is entitled to relief substantiated by plaintiff's complaint, paragraphs directly beside or under the following subheadings: 1, 2, and on page 4, subsection titled "cause of action." This is pursuant to FRCP Rule 8(a)(2). Third, a demand for relief sought, this is substantiated by plaintiff's complaint, page 4, paragraph subtitled "WHEREFORE, plaintiff requests judgment against defendants as follows" subsections a, b, b, and c this is pursuant to FRCP Rule 8(a)(3).

4. Paragraph 4(a) of defendants' motion to dismiss is subliminally subdivided into three parts. Pursuant to the first four lines of paragraph 4(a) of defendants' motion to dismiss and ending with the term "EEOC;" (which deals with the first two parts out of three) the plaintiff opposes the defendants assertion with the exact duplicate response in its entirety to paragraph titled 1 of this said document.

5. Paragraph 4(a) of defendants' motion to dismiss relevant to the remaining third part (forth line beginning with the word "and" and ending on the sixth line with "letter"). The plaintiff opposes this assertion made by the defendants by stating that the plaintiff was in compliance with the filing within 90 days of his said notice of right letter. This is substantiated by 3 exhibits. First exhibit is substantiated by defendants' exhibit B, subsection titled "Notice of Suit Rights" the first two paragraphs, and additionally paragraph 1 clearly states "within 90 days of receipt of this notice." Plaintiff took receipt of said "Notice of Suit Rights" on January 22, 2011. A reasonable amount of time has to be allowed for plaintiff to receive "Notice of Suit Rights," through the United States Postal Service. 90 days from January 22, 2011 is April 22, 2011. Second exhibit is substantiated again by defendants' exhibit B subsection titled "date mailed" which illustrates January 19, 2011 of EEOC mailing to plaintiff. Third exhibit is substantiated by plaintiff's exhibit A, original cover of plaintiff's bill of complaint with the Federal District Court's date stamp indicating April 20, 2011 receipt.

6. Paragraph 4(b) of defendants' motion to dismiss is a fragile stratagem at best for two main reasons: First, go to paragraph 1 of this said document which clearly substantiated that the plaintiff is prosecuting a civil rights case, not a personal injury claim. Second, the U.S. Supreme Court ruled on May 3, 2004 decision in Jones v. R.R. Donnelley & Sons Co. that the four-year statute of limitations enacted by Congress in 1990 applies to claims of racial discrimination and harassment brought under the Civil Rights Act of 1866, a statute commonly known as 42 U.S.C. Section 1981.

7. Paragraph 5 of defendants' motion to dismiss is not relevant to a more definite statement for paragraph 3 and 4 of the complaint for the following statutory reasons: the paragraphs in question by the defendants failed the FRCP Rule 12(e) multi-criteria because the information contained in these two paragraphs are not vague or ambiguous; furthermore the defendants are required to point out the defects complained of and the details desired. This is not substantiated by the defendants' motion to dismiss, or the defendants' memorandum in support of the motion to dismiss.

8. Paragraph 5 of defendants' motion to dismiss is not relevant to strike paragraph 3 and 4 from the complaint for the following statutory reasons: first, the paragraphs in question by the defendants failed the FRCP Rule 12(f) multi-prone criteria because the information contained in these two paragraphs are factually true and substantive relative to the civil rights violation that is organic and/or inorganically ongoing and continual in damages to the plaintiff.

WHEREFORE, the Plaintiff, Richard E. Larkin Jr., prays that Defendants' Motion to Dismiss and the memorandum in support of motion to dismiss be expelled totally and that this Honorable Court not grant this motion in the defendants favor for the above stated reasons with prejudice.

Respectfully submitted,

Richard E. Larkin, JR.,
*IN PRO SE*

**CERTIFICATE OF SERVICE**

I, Richard E. Larkin, Jr. hereby certify that on August 5, 2011, I presented a true and accurate copy of the Plaintiff's Rebuttal to Defendants' Motion to Dismiss to the clerk of the United States District Court of the Northern District of Illinois for filing and served the same via US mail on August 5, 2011 upon:

**Attorney Frank B. Garrett III**
**ROBBINS, SCHWARTZ, NICHOLAS, LIFTON, & TAYLOR, LTD**
**55 West Monroe**
**Suite 800**
**Chicago, Illinois, 60603**

_____
Richard E. Larkin, JR.,
*IN PRO SE*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS RECEIVED
EASTERN DIVISON

APR 2 0 2011

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RICHARD E. LARKIN, JR., )
1002 North Plum Grove Road )
Suite - 316 )
Schaumburg, Illinois 60173 )
      Plaintiff, )
)
                                            ) **COMPLAINT**
v. ) C.A. No._____
                                            ) **TRIAL BY JURY DEMANDED**
)
)
WILLIAM RAINEY HARPER COLLEGE, ) JUDGE_____
1200 West Algonquin Road )
Palatine, Illinois 60067 )
**Robert L. Breuder**, )
President, College of DuPage )
425 Fawell Boulevard )
Glen Ellyn, Illinois 60137-6599 )
**Joan Kindle**, )
William Rainey Harper College )
Building D, Room D129 )
1200 West Algonquin Road )
Palatine, Illinois 60067 )
**Ashley Knight**, Dean of Wellness )
William Rainey Harper College )
Wellness and Sports Center )
Building M, Room M219 )
1200 West Algonquin Road )
Palatine, Illinois 60067 )
**Susan Overland**, )
Co-Chair, Physical Education Department )
William Rainey Harper College )
Wellness and Sports Center )
Building M, Room M219 )
1200 West Algonquin Road )
Palatine, Illinois 60067 )
**Renee Zellner**, )
Co-Chair, Physical Education Department )
William Rainey Harper College )
Wellness and Sports Center )
Building M, Room M219 )
1200 West Algonquin Road )
Palatine, Illinois 60067 )
**David T. Richmond**, )
Associate Professor of History )
William Rainey Harper College )
History and Political Science )
Building I, Room I112 / I115 )
1200 West Algonquin Road )
Palatine, Illinois 60067 )
      Defendants, )

11cv2650
Judge Charles R. Norgle, Sr
Magistrate Jeffrey T. Gilbert

PLAINTIFF'S
EXHIBIT
**A**
11CV2650