# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISON

RICHARD E. LARKIN, JR.,
1002 North Plum Grove Road
Suite – 316
Schaumburg, Illinois 60173
     **Plaintiff,**

v.

WILLIAM RAINEY HARPER COLLEGE,
1200 West Algonquin Road
Palatine, Illinois 60067
**Robert L. Breuder,**
President, College of DuPage
425 Fawell Boulevard
Glen Ellyn, Illinois 60137-6599
**Joan Kindle,**
William Rainey Harper College
Building D, Room D129
1200 West Algonquin Road
Palatine, Illinois 60067
**Ashley Knight,** Dean of Wellness
William Rainey Harper College
Wellness and Sports Center
Building M, Room M219
1200 West Algonquin Road
Palatine, Illinois 60067
**Susan Overland,**
Co-Chair, Physical Education Department
William Rainey Harper College
Wellness and Sports Center
Building M, Room M219
1200 West Algonquin Road
Palatine, Illinois 60067

**Renee Zellner,**
Co-Chair, Physical Education Department
William Rainey Harper College
Wellness and Sports Center
Building M, Room M219
1200 West Algonquin Road
Palatine, Illinois 60067

**David T. Richmond,**
Associate Professor of History
William Rainey Harper College
History and Political Science
Building I, Room I112 / I115
1200 West Algonquin Road
Palatine, Illinois 60067

     **Defendants,**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

# AMENDED

**COMPLAINT**
**C.A. No.11cv2650**
**TRIAL BY JURY DEMANDED**

JUDGE: Charles R. Norgle, Sr.

RECEIVED

DEC 3 0 2011
DEC 30 2011
MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT



**FILED**
1/4/2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## INTRODUCTORY STATEMENT

1.    This complaint arises from the plaintiff being wrongfully terminated by the defendants in violation to the Fourteenth Amendment to the United States Constitution, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981, § 1981a, § 1982, and § 1983.  The defendants also deprived the plaintiff of his liberty, of his civil rights by not granting him equal and fair equitable execution of his rights.

2.    The plaintiff was a tenured faculty member at William Rainey Harper College (College) in the department of physical education with in the Wellness and Human Performance (WHP) Division.  He was hired in August of 2002, and he was wrongfully terminated in July 2008.  He was the only African-American and minority full-time faculty member in the entire WHP division at that time.  Just after the plaintiff received his tenure in May 2006, the plaintiff received a new white dean\supervisor (Ashley Knight)who started projecting a racial bias towards him almost immediately after her hire in August 2006.  The way the defendants had the plaintiff terminated was by claiming hearsay by an alleged "one student" in one of the plaintiff's college level lecture classes, sitting among approximately 40 other adult students all over the age of 18 years. During a lecture(s), the defendants claimed that the plaintiff committed sexual harassment because this "one adult student" didn't like the way the plaintiff was lecturing to her ears within an entire class of approximately 40 adult students.  The course title of the college class in question by this hearsay "one student" was "Human Sexuality."

3.    The college turned down all four settlement offers made by the plaintiff with the last effort merely asking to be reinstated with all back pay.  The defendants turned down the last two offers by the new president, Dr. Kenneth Ender of the College.

## JURISDICTION AND VENUE

4.    Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

5.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES,

6.    Plaintiff, Richard E. Larkin, Jr., is and was, at all times relevant hereto, a citizen of the United States and a resident of the State of Illinois, including Cook County.

7.    Defendant William Rainey Harper College (College) has continuously been and is now doing business in the State of Illinois, including Cook County, and has continuously had at least fifteen (15) employees.

8.    Defendant Robert L. Breuder was, at all times relevant hereto, the president of the College.  He is sued in his individual capacity.

9.    Defendant Joan Kindle was, at all times relevant hereto, the vice president of the College.  She is sued in her individual capacity.

10.    Defendant Ashley Knight was, at all times relevant hereto, the Dean of WHP at the College.  She is sued in her individual capacity.

11.    Defendant Susan Overland was, at all times relevant hereto, the Co-Chair of the Physical Education Department at the College.  She is sued in her individual capacity.

12.     Defendant Renee Zellner was, at all times relevant hereto, the Co-Chair of the Physical Education Department at the College.  She is sued in her individual capacity.

13.     Defendant David T. Richmond was, at all times relevant hereto, the assistant professor of history at the College.  He is sued in his individual capacity.

## STATEMENT OF FACTS

14.     The College District 512 comprises these communities: Arlington Heights, Barrington, Barrington Hills, Elk Grove Village, Inverness, Lake Barrington. Mount Prospect, North Barrington, Palatine, Prospect Heights, Rolling Meadows, Schaumburg, South Barrington, Tower Lakes, Wheeling and portions of Hoffman Estates, Deer Park, Buffalo Grove, Carpentersville, Des Plaines, Roselle, Fox River Grove.  The College is approximately 25 miles northwest of downtown Chicago, Illinois in the suburb of Palatine. The College offers classes and services at many locations within District 512: the Northeast Center (NEC), Prospect Heights, the College Professional Center (HPC), Schaumburg, and the Illinois Small Business Development Center (ISBDC) has an office within the College Professional Center in Schaumburg.  The College works in partnership with the Illinois workNet Center to provide on-site career training and job search support located in Arlington Heights.  The college was established by referendum in 1965 and opened September 1967. It is named for Dr. William Rainey Harper, a pioneer in the junior college movement in the United States and the first president of the University of Chicago.

16.     Plaintiff was terminated from the college in July 2008.

17.     The College based the termination of a tenured faculty member, the plaintiff on hearsay by an alleged "one student" in one of the plaintiff's classes sitting among approximately 40 other students during a lecture claiming that the plaintiff committed sexual harassment because this "one student" didn't like the way the plaintiff was lecturing to her ears within an entire class of approximately 40 students in the course and lesson subject of "Human Sexuality" without bringing her forward to provide a first-hand eyewitness account.

18.     The College based the termination of a tenured faculty member, the plaintiff on hearsay by an alleged "students" without bringing any of them forward to provide a first-hand eyewitness account.

19.     The College used falsified documentation in order to substantiate the defendant's rationale for an illicit termination of the plaintiff's position as an associate professor of physical education in the division of WHP.

20.     The College retaliated against the plaintiff which resulted in an illicit termination of his position as an associate professor of physical education in the division of WHP.

21.     The plaintiff was the only African-American and minority full-time faculty member in the entire WHP division at that time.

### **COUNT I – NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII**

22.     The plaintiff reasserts and incorporates herein the allegations in Paragraph 1 through 21, above, as if set forth fully herein.

23.     By virtue of the foregoing, Harper discriminated against the plaintiff because of his race (Black) in violation of Title VII by falsifying allegations of sexual harassment.

24.     The discrimination continued to, and culminated in, Harper terminating the plaintiff's employment on July 18, 2008.

25. As a result of that discrimination, the plaintiff has and continues to suffer psychological injuries and subjected to anti-depressive pharmaceuticals, humiliation, degradation, loss of employment, and other damages both pecuniary and non-pecuniary in nature.

WHEREFORE, plaintiff requests judgment against defendants as follows:

    a.    Complete reinstatement with current title, current salary, and all back pay

    b.    Compensatory damages of $2,163,000.00

    c.    Punitive damages of $19,467,000.00

    d.    An award of reasonable attorney fees and plaintiff's costs in his behalf expended.

## Count II – Retaliation in Violation of Title VII

26. The plaintiff reasserts and incorporates herein the allegations in Paragraphs 1 through 25, above, as if set forth fully herein.

27. Harper College retaliated against the plaintiff because the plaintiff objected to being singled out and treated differently because of his national origin (Black) in violation of Title.

28. As part of that discrimination and retaliation, Harper terminated the plaintiff's employment on July 18, 2008.

29. As a result of that retaliation, the plaintiff has and continues to suffer psychological injuries and subjected to anti-depressive pharmaceuticals, humiliation, degradation, loss of employment, and other damages both pecuniary and non-pecuniary in nature.

WHEREFORE, plaintiff requests judgment against defendants as follows:

    a.    Complete reinstatement with current title, current salary, and all back pay

    b.    Compensatory damages of $2,163,000.00

    c.    Punitive damages of $19,467,000.00

    d.    An award of reasonable attorney fees and plaintiff's costs in his behalf expended.

## Count III – National Origin Discrimination in Violation of 42 U.S.C. § 1981

30. The plaintiff reasserts and incorporates herein the allegations in Paragraph 1 through 29, above, as if set forth fully herein.

31. By virtue of the foregoing, Harper discriminated against the plaintiff because of his national origin (Black) in violation of § 1981 through conspiracy, falsification, and misrepresentation of records on the plaintiff behalf.

32. The discrimination continued to, and culminated in, Harper terminating the plaintiff's employment on July 18, 2008.

33. As a result of that discrimination, the plaintiff has and continues to suffer psychological injuries and subjected to anti-depressive pharmaceuticals, humiliation, degradation, loss of employment, and other damages both pecuniary and non-pecuniary in nature.

WHEREFORE, plaintiff requests judgment against defendants as follows:

     a.   Complete reinstatement with current title, current salary, and all back pay

     b.   Compensatory damages of $2,163,000.00

     c.   Punitive damages of $19,467,000.00

     d.   An award of reasonable attorney fees and plaintiff's costs in his behalf expended.

## Count IV – Retaliation in Violation of 42 U.S.C. § 1981

34.   The plaintiff reasserts and incorporates herein the allegations in Paragraphs 1 through 33, above, as if set forth fully herein.

35. Harper College retaliated against the plaintiff because the plaintiff objected to being singled out and treated differently because of his national origin (Black) in violation of § 1981.

36. As part of that discrimination and retaliation, Harper terminated the plaintiff's employment on July 18, 2008.

37. As a result of that retaliation, the plaintiff has and continues to suffer psychological injuries and subjected to anti-depressive pharmaceuticals, humiliation, degradation, loss of employment, and other damages both pecuniary and non-pecuniary in nature.

WHEREFORE, plaintiff requests judgment against defendants as follows:

     a.   Complete reinstatement with current title, current salary, and all back pay

     b.   Compensatory damages of $2,163,000.00

     c.   Punitive damages of $19,467,000.00

     d.   An award of reasonable attorney fees and plaintiff's costs in his behalf expended.

## Count V – National Origin Discrimination in Violation of 42 U.S.C. § 1981a

38.   The plaintiff reasserts and incorporates herein the allegations in Paragraph 1 through 37, above, as if set forth fully herein.

39.   By virtue of the foregoing, Harper discriminated against the plaintiff because of his national origin (Black) in violation of § 1981a through conspiracy, falsification, and misrepresentation of records on the plaintiff behalf.

40. The discrimination continued to, and culminated in, Harper terminating the plaintiff's employment on July 18, 2008.

41.   As a result of that discrimination, the plaintiff has and continues to suffer psychological injuries and subjected to anti-depressive pharmaceuticals, humiliation, degradation, loss of employment, and other damages both pecuniary and non-pecuniary in nature.

WHEREFORE, plaintiff requests judgment against defendants as follows:

     a.   Complete reinstatement with current title, current salary, and all back pay

     b.   Compensatory damages of $2,163,000.00

c.   Punitive damages of $19,467,000.00

d.   An award of reasonable attorney fees and plaintiff's costs in his behalf expended.

## Count VI – Retaliation in Violation of 42 U.S.C. § 1981a

42.   The plaintiff reasserts and incorporates herein the allegations in Paragraph 1 through 41, above, as if set forth fully herein.

43. Harper College retaliated against the plaintiff because the plaintiff objected to being singled out and treated differently because of his national origin (Black) in violation of § 1981a.

44. As part of that discrimination and retaliation, Harper terminated the plaintiff's employment on July 18, 2008.

45. As a result of that retaliation, the plaintiff has and continues to suffer psychological injuries and subjected to anti-depressive pharmaceuticals, humiliation, degradation, loss of employment, and other damages both pecuniary and non-pecuniary in nature.
WHEREFORE, plaintiff requests judgment against defendants as follows:

a.   Complete reinstatement with current title, current salary, and all back pay

b.   Compensatory damages of $2,163,000.00

c.   Punitive damages of $19,467,000.00

d.   An award of reasonable attorney fees and plaintiff's costs in his behalf expended.

## Count VII – National Origin Discrimination in Violation of 42 U.S.C. § 1982

46.   The plaintiff reasserts and incorporates herein the allegations in Paragraph 1 through 45, above, as if set forth fully herein.

47.   By virtue of the foregoing, Harper discriminated against the plaintiff because of his national origin (Black) in violation of § 1982 through conspiracy, falsification, and misrepresentation of records on the plaintiff behalf.

48. The discrimination continued to, and culminated in, Harper terminating the plaintiff's employment on July 18, 2008.

49.   As a result of that discrimination, the plaintiff has and continues to suffer psychological injuries and subjected to anti-depressive pharmaceuticals, humiliation, degradation, loss of employment, and other damages both pecuniary and non-pecuniary in nature.

WHEREFORE, plaintiff requests judgment against defendants as follows:

a.   Complete reinstatement with current title, current salary, and all back pay

b.   Compensatory damages of $2,163,000.00

c.   Punitive damages of $19,467,000.00

d.   An award of reasonable attorney fees and plaintiff's costs in his behalf expended.

## Count VIII — National Origin Discrimination in Violation of 42 U.S.C. § 1983

50.     The plaintiff reasserts and incorporates herein the allegations in Paragraph 1 through 49, above, as if set forth fully herein.

51.     By virtue of the foregoing, Harper discriminated against the plaintiff because of his national origin (Black) in violation of § 1983 through conspiracy, falsification, and misrepresentation of records on the plaintiff behalf.

52. The discrimination continued to, and culminated in, Harper terminating the plaintiff's employment on July 18, 2008.

53.     As a result of that discrimination, the plaintiff has and continues to suffer psychological injuries and subjected to anti-depressive pharmaceuticals, humiliation, degradation, loss of employment, and other damages both pecuniary and non-pecuniary in nature.

WHEREFORE, plaintiff requests judgment against defendants as follows:

a.     Complete reinstatement with current title, current salary, and all back pay

b.     Compensatory damages of $2,163,000.00

c.     Punitive damages of $19,467,000.00

d.     An award of reasonable attorney fees and plaintiff's costs in his behalf expended.

## Count IX — Retaliation in Violation of 42 U.S.C. § 1983

54. The plaintiff reasserts and incorporates herein the allegations in Paragraphs 1 through 53, above, as if set forth fully herein.

55. Harper College retaliated against the plaintiff because the plaintiff objected to being singled out and treated differently because of his national origin (Black) in violation of  § 1983.

56. As part of that discrimination and retaliation, Harper terminated the plaintiff's employment on July 18, 2008.

57. As a result of that retaliation, the plaintiff has and continues to suffer psychological injuries and subjected to anti-depressive pharmaceuticals, humiliation, degradation, loss of employment, and other damages both pecuniary and non-pecuniary in nature.

WHEREFORE, plaintiff requests judgment against defendants as follows:

a.     Complete reinstatement with current title, current salary, and all back pay

b.     Compensatory damages of $2,163,000.00

c.     Punitive damages of $19,467,000.00

d.     An award of reasonable attorney fees and plaintiff's costs in his behalf expended.

## CAUSE OF ACTION

By wrongfully terminating the plaintiff from his position as an Associate Professor of Physical Education, the defendants deprived the plaintiff of gainful employment to the above said position.  By these actions and subsequent documents made by Defendants which damaged Plaintiff's reputation. Defendants violated the plaintiff rights under the Constitution of the United States by depriving him of his liberty due to the Fourteenth Amendment to the United States Constitution, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981, § 1981a, § 1982, and § 1983., and by racial discrimination practices, through conspiracy, retaliation, due process of law, and the falsification of documents, in violation of due process clause of the Fourteenth Amendment to the United States Constitution.  The defendants also deprived plaintiff of his liberty, of his civil rights and not granting him equal and fair equitable execution of his rights pursuant Civil Rights Act of 1866 to the United States Constitution. As a result the plaintiff has and continues to suffer psychological injuries and subjected to anti-depressive pharmaceuticals, humiliation, degradation, loss of employment, and other damages both pecuniary and non-pecuniary in nature.


WHEREFORE, plaintiff requests judgment against defendants as follows:

      a.    Complete reinstatement with current title, current salary, and all back pay

      b.    Compensatory damages of $2,163,000.00

      c.    Punitive damages of $19,467,000.00

      d.    An award of reasonable attorney fees and plaintiff's costs in his behalf expended.

by _____
                         Richard E. Larkin, JR.
                         ***IN PRO SE***

## CERTIFICATE OF SERVICE

I, Richard E. Larkin, Jr. hereby certify that on December 27, 2011, I presented a true and accurate copy of the Plaintiff's Amended Bill of Complaint to the clerk of the United States District Court of the Northern District of Illinois for filing and served the same via US mail on December 27, 2011 upon:

**Attorney Frank B. Garrett III**
**ROBBINS, SCHWARTZ, NICHOLAS, LIFTON, & TAYLOR, LTD**
**55 West Monroe**
**Suite 800**
**Chicago, Illinois, 60603**


_____
Richard E. Larkin, JR.,
*IN PRO SE*