IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD E. LARKIN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11 CV 2650 |
| | ) | |
| v. | ) | Hon. Charles R. Norgle |
| | ) | |
| WILLIAM RAINEY HARPER COLLEGE, ROBERT L. BREUDER, JOAN KINDLE, ASHLEY KNIGHT, SUSAN OVERLAND, RENEE ZELLNER, and DAVID T. RICHMOND, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Plaintiff Richard E. Larkin, Jr. ("Plaintiff") sues individual Defendants Robert L. Breuder, Joan Kindle, Ashley Knight ("Knight"), Susan Overland, Renee Zellner, and David T. Richmond (collectively, "Individual Defendants") and Defendant William Rainey Harper College ("Harper") (collectively, "Defendants") for discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and §§ 1981, 1982 and 1983. Plaintiff also seeks damages pursuant to § 1981a for intentional employment discrimination. Before the Court is Defendants' motion to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted in part and denied in part.

**I. BACKGROUND**

In August 2002, Plaintiff, an African-American man, was hired as an Assistant Professor

1

of Physical Education within the Wellness and Human Performance Division at Harper. Am. Compl. ¶ 2. Plaintiff was the only African-American and minority full-time faculty member in the Wellness and Human Performance Division at that time. Id. In May 2006, just after he became a tenured faculty member, Plaintiff "received a new white dean/supervisor (Ashley Knight) who started projecting a racial bias towards him almost immediately after her hire in August 2006." Id. On February 20, 2008, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC), stating that after he complained of race discrimination, he was put on administrative leave as of January 24, 2008. Defs.' Mem. of L. in Supp. of Their Mot. to Dismiss Pl.'s Am. Compl. Ex. A.[1] Plaintiff was terminated on July 18, 2008. Am. Compl. ¶ 24.

According to Plaintiff, Harper's decision to terminate him was based on an alleged claim of sexual harassment. Id. ¶¶ 2, 17. Plaintiff contends that an "'adult student' didn't like the way the plaintiff was lecturing to her ears within an entire class of approximately 40 adult students." Id. ¶ 2. The course title of this class was "Human Sexuality." Id. Plaintiff alleges that Harper failed to bring the student forward to "provide a first-hand eyewitness account." Id. ¶ 18. Plaintiff also alleges that Harper discriminated against him by falsifying the allegations of sexual harassment to substantiate the termination decision. Id. ¶¶ 19, 23. Plaintiff claims that Harper

---

[1] Plaintiff did not attach the EEOC charge to his complaint. Nonetheless, the Court considers the charge of discrimination and the right-to-sue letter (attached as exhibits to Defendants' motion to dismiss) as matters of public record. See Pierce v. Ill. Dep't of Human Servs., 128 F. App'x 534, 535-36 & 536 n.1 (7th Cir. 2005). The Court therefore need not convert the instant motion to dismiss to a motion for summary judgment. See id. at 536 n.1; see also Geinosky v. City of Chi., 675 F.3d 743, 745 n.1 (7th Cir. 2012) ("A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." (citations omitted)).

discriminated against him because of his "race (Black)" and "national origin (Black)." [2] See, e.g., id. ¶¶ 23, 27. Plaintiff further claims that Harper retaliated against him because he "objected to being singled out and treated differently because of his national origin (Black)." Id. ¶¶ 27, 35, 43, 55.

## II. DISCUSSION

### A. Standard of Decision

Rule 8(a) requires that a complaint contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must provide the defendant with fair notice of the claim and the grounds for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). The allegations must provide "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In other words, a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted).

In deciding a Rule 12(b)(6) motion, the Court construes Plaintiff's pro se pleadings liberally, see Pearle Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir. 2008), accepts as true all well-pleaded facts in the Amended Complaint, and draws all reasonable inferences in his favor, Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wis., Inc., 657 F.3d 496, 502

---

[2] "Race, nationality, and ethnicity are sometimes correlated, but they are not synonyms." Abdullahi v. Prada USA Corp., 520 F.3d 710, 712 (7th Cir. 2008). Although Plaintiff obfuscates the distinction between the terms "race," "color," and "national origin," the Court construes Plaintiff's allegations as discrimination based on race.

3

(7th Cir. 2011) (citation omitted). A plaintiff, however, may plead himself out of court by "pleading facts that show that he has no legal claim." Atkins v. City of Chi., 631 F.3d 823, 832 (7th Cir. 2011) (citations omitted). "Dismissal is proper if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" Wilson v. Price, 624 F.3d 389, 392 (7th Cir. 2010) (quoting Kennedy v. Nat'l Juvenile Det. Ass'n, 187 F.3d 690, 694 (7th Cir. 1999)).

**B.   Title VII Claims**

As an initial matter, the Court notes that Title VII "authorizes suit only against the employer as an entity rather than against individual people who are agents of the employer." Smith v. Bray, 681 F.3d 888, 896 n.2 (7th Cir. 2012). Thus, to the extent that Plaintiff seeks to attach liability to Individual Defendants under Title VII, these claims are dismissed.

With respect to Harper, Plaintiff alleges discrimination and retaliation under Title VII based on his termination. Harper argues that Plaintiff's Title VII claims should be dismissed because he failed to timely file an EEOC Charge including these allegations.

*1. Discrimination*

"[G]enerally, Title VII claims that were not included in an EEOC charge are barred." Jones v. Res-Care, Inc., 613 F.3d 665, 670 (7th Cir. 2010) (citing Sitar v. Ind. Dep't of Transp., 344 F.3d 720, 726 (7th Cir. 2003)). This administrative exhaustion rule

> serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of giving the employee [sic] some warning of the conduct about which the employee is aggrieved. Although the rule is not jurisdictional, it is a condition precedent with which Title VII plaintiffs must comply. For allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge.

4

Cheek v. W. & S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994) (citations omitted).

Nevertheless, a plaintiff may proceed on a claim not raised in an EEOC charge when there is "a reasonable relationship between the allegations in the charge and the claims in the complaint, and . . . the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." Jones, 613 F.3d at 670 (internal quotation marks and citation omitted); see also Swearnigen-El v. Cook Cnty. Sheriff's Dep't, 602 F.3d 852, 864 (7th Cir. 2010) ("A Title VII plaintiff may bring only those claims that were included in his EEOC charge or that are like or reasonably related to the allegations of the charge and growing out of such allegations." (internal quotation marks and citations omitted)). "To be 'like or reasonably related,' the claims must, at minimum, describe the same conduct and implicate the same individuals." Swearnigen-El, 602 F.3d at 864 (quoting Cheek, 31 F.3d at 501).

Although Plaintiff filed an EEOC charge, he did so five months prior to the alleged unlawful employment practices. Plaintiff's EEOC charge, dated February 20, 2008, states that he complained of race discrimination to an unspecified individual, at some unspecified time, and was subsequently "subjected to worse terms and conditions of employment" and "put on administrative leave as of January 24, 2008." Defs.' Mem. of L. in Supp. of Their Mot. to Dismiss Pl.'s Am. Compl. Ex. A. In his Amended Complaint, Plaintiff alleges that Harper discriminated against him because of his race in violation of Title VII by "falsifying allegations of sexual harassment," Am. Compl. ¶ 23, and "terminating the plaintiff's employment on July 18, 2008," id. ¶ 24.

Plaintiff's claims in his Amended Complaint do not describe the same conduct as the EEOC charge. Whereas Plaintiff's EEOC charge alleges discrimination and retaliation in

placement on administrative leave, his Amended Complaint alleges discrimination in termination. Harper's decision to put Plaintiff on administrative leave in January 2008 is a separate and distinct act from its subsequent decision to terminate him in July 2008. "Because these two employment decisions are wholly independent, they cannot be reasonably related to one another." Sauzek v. Exxon Coal USA, Inc., 202 F.3d 913, 920 (7th Cir. 2000) (citing Hargett v. Valley Federal Sav. Bank, 60 F.3d 754, 764 (11th Cir. 1995)); see also Lloyd v. Swifty Transp., Inc., 552 F.3d 594, 602 (7th Cir. 2009) (finding that the plaintiff's suspension was not reasonably related to his EEOC charge because the suspension was imposed for additional infractions that occurred later (after he filed his final EEOC charge) and were unforseeable to the defendant). In sum, Plaintiff's EEOC charge alerts neither the EEOC, nor Harper, that a charge of discrimination in termination may be forthcoming. Thus, Plaintiff failed to exhaust his administrative remedies. See Jones, 613 F.3d at 670 ("[E]ach separate act of discrimination must be set out in an EEOC charge before an action can be brought.").

"Failure to exhaust administrative remedies is an affirmative defense." Walker v. Thompson, 288 F.3d 1005, 1009 (7th Cir. 2002) (citing Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999)). "[A] plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses. But when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." Indep. Trust Corp., 665 F.3d at 935 (citing Brooks v. Ross, 578 F.3d 574, 579 (7th Cir. 2009)). In Illinois, the failure to file an EEOC charge within 300 days of the alleged unlawful employment practice "bars litigation over those claims." Hall v. Bodine Elec. Co., 276 F.3d 345, 352-53 (7th Cir. 2002) (citations omitted); see also Groesch v. City of Springfield, Ill., 635 F.3d 1020, 1023-24 &

1024 n.2 (7th Cir. 2011) (citations omitted). Because Plaintiff failed to file an EEOC charge within 300 days of the alleged unlawful employment practices, his Title VII claim for discrimination against Harper is dismissed.

### 2. Retaliation

"[A]n employee is not required to file a separate EEOC charge alleging retaliation when the retaliation occurs in response to the filing of the original EEOC charge." Gawley v. Indiana Univ., 276 F.3d 301, 314 n.8 (7th Cir. 2001) (citing Aviles v. Cornell Forge Co., 183 F.3d 598, 603 (7th Cir. 1999)). Here, Plaintiff filed an EEOC charge on February 20, 2008, stating that after he complained of race discrimination, he was put on administrative leave as of January 24, 2008. In his Amended Complaint, Plaintiff alleges that Harper retaliated against him by terminating his employment on July 18, 2008 (five months after filing the EEOC charge), because he "objected to being singled out and treated differently because of his national origin (Black) in violation of Title [VII]." Am. Comp. ¶ 27. Construing this allegation liberally, the Court finds it plausible that the alleged retaliation occurred in response to Plaintiff's filing of the original EEOC charge. Defendants' motion to dismiss Plaintiff's Title VII claim for retaliation is therefore denied.

**C.     Whether Plaintiff's §§ 1981, 1982, and 1983 Claims are Time-Barred**

Defendants argue that Plaintiff's claims under §§ 1981, 1982, and 1983 are barred by the statute of limitations and must be dismissed. Defendants contend that these claims are subject to a two-year statute of limitations. The statute of limitations is the same in §§ 1982 and 1983 cases, which in Illinois is two years (borrowed from the state statute governing personal injury actions). Vill. of Bellwood v. Dwivedi, 895 F.2d 1521, 1528 (7th Cir. 1990). Section 1981

claims, however, are subject to two different limitations periods depending on whether a particular claim arises under the amended or the unamended version of § 1981. Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 383 (2004) (holding that 28 U.S.C. § 1658's four-year statute of limitations—as opposed to the most analogous state personal injury statute of limitations—applies to § 1981 claims made possible by the 1991 Act).[3] Thus, in Illinois, allegations of violations of the pre-1990 version of § 1981, such as failure to hire, are subject to a two-year statute of limitations. See id.; 735 ILCS 5/13-202. In contrast, allegations of violations of the amended statute, such as claims premised on conduct which took place after the formation of an employment contract—including, *inter alia*, claims for hostile work environment, wrongful termination, and failure to transfer—are subject to a four-year statute of limitations. Jones, 541 U.S. at 383; see also Dandy v. United Parcel Serv., Inc., 388 F. 3d 263, 269 (7th Cir. 2004).

Here, Plaintiff's § 1983 claims are premised on wrongful termination and retaliation in termination. These claims allege violations of the amended statute and are therefore subject to a four-year statute of limitations. As discussed above, Plaintiff's §§ 1982 and 1983 claims are subject to a two-year statute of limitations.

Claims under §§ 1981, 1982, and 1983 accrue when the plaintiff knows or should have known that his constitutional rights have been violated. See Hileman v. Maze, 367 F.3d 694, 696 (7th Cir. 2004) (citation omitted); Ahmed v. Quinn, 124 F.3d 203, at *4 (7th Cir. Aug. 13, 1997) (unpublished table decision) (citations omitted). Under the discovery rule, "the accrual date is

---

[3] Section 1981 was amended by The Civil Rights Act of 1991, which defined "the key 'make and enforce contracts' language in § 1981 to include the 'termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'" Id. (quoting 42 U.S.C. § 1981(b)).

8

not determined when the injury occurs but when it is discovered or should have been discovered." Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n, 377 F.3d 682, 688 (7th Cir. 2004) (citing Cada v. Baxter Healthcare, 920 F.2d 446, 450 (7th Cir.1990)).

Plaintiff alleges, among other things, that Harper discriminated against him by falsifying allegations of sexual harassment and terminating him on July 18, 2008. Accepting as true that Plaintiff suffered civil rights violations when he was terminated from his tenured faculty position at Harper, he knew or should have known that he had been injured no later than July 18, 2008, the date of his termination. Plaintiff initiated this action on April 20, 2011. The face of Plaintiff's Amended Complaint, therefore, shows that his claims under §§ 1982 and 1983 are time-barred. Accordingly, Plaintiff's §§ 1982 and 1983 claims are dismissed. However, because Plaintiff's § 1981 claims are subject to a four-year statute of limitations, these claims are timely.

**D.    § 1981 Claims**

*1. Discrimination*

To state a claim under § 1981, a plaintiff must allege discrimination based on race. 42 U.S.C. § 1981 ("All persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ."); see Jennings v. Sallie Mae, Inc., 358 F. App'x 719, 721 (7th Cir. 2009) (citing Morris v. Office Max, Inc., 89 F.3d 411, 413 (7th Cir. 1996)); see also Jafree v. Barber, 689 F.2d 640, 643 (7th Cir. 1982) ("To sufficiently state a cause of action the plaintiff must allege some facts that demonstrate that his race was the reason for the defendant's []action.").

Plaintiff alleges that Harper discriminated against him—the only African-American and

minority full-time faculty member in the Wellness and Human Performance Division at that time—based on his race by falsifying allegations of sexual harassment to substantiate its decision to terminate him from his position as an Associate Professor of Physical Education. Plaintiff's Amended Complaint sufficiently avers that his employer, Harper, instituted a specified adverse employment action against him on the basis of his race. See Tamayo v. Blagojevich, 526 F.3d 1074, 1084 (7th Cir. 2008). Plaintiff's allegations against Harper therefore withstand dismissal at this stage in the proceedings.

Plaintiff further alleges that Knight, his white supervisor, started projecting a racial bias towards him almost immediately after her hire in August 2006. Unlike Title VII claims, individuals may be held liable under § 1981. See Smith, 681 F.3d at 896 n.2 (citations omitted). A claim seeking personal liability under § 1981, however, must be predicated on the actor's personal involvement in the actual discrimination against the plaintiff. Musikiwamba v. ESSI, Inc., 760 F.2d 740, 753 (7th Cir. 1985) (citations omitted). Accepting Plaintiff's allegations as true and drawing all reasonable inferences in his favor, it is plausible that Knight was personally involved in Harper's alleged discrimination. Plaintiff's complaint gives both Harper and Knight sufficient notice to enable them to begin to investigate and prepare a defense. Accordingly, Defendants' motion to dismiss Plaintiff's § 1981 discrimination claims against Harper and Knight is denied.

The remaining Individual Defendants, however, argue that they should be dismissed from this case because "Plaintiff has not specifically alleged any claims against any of the Individual Defendants, plead[ed] facts to raise an inference of such claims, or complied with Rule 8." Defs.' Mem. of L. in Supp. of Their Mot. to Dismiss Pl.'s Am. Compl. 4. With the exception of

Knight, the Court agrees. Plaintiff makes no allegations with respect to the remaining Individual Defendants. Plaintiff fails to allege any facts, directly or inferentially, that plausibly suggest that the remaining Individual Defendants had any involvement in the alleged discrimination. Plaintiff's § 1981 claims against the Individual Defendants, with the exception of Knight, are therefore dismissed.

### 2. *Retaliation*

"The Supreme Court has held that § 1981 authorizes claims for retaliation, if one person takes action against another for asserting the right to substantive contractual equality provided by § 1981." Smith, 681 F.3d at 896 (citing CBOCS West, Inc. v. Humphries, 553 U.S. 442, 445 (2008)). "[U]nlawful retaliation occurs when an employer takes an adverse employment action against an employee for opposing impermissible discrimination." Id. (internal quotation marks and citation omitted). Plaintiff alleges that he "objected to being singled out and treated differently because of his national origin (Black) in violation of § 1981," Am. Compl. ¶ 35, and was terminated "[a]s part of that discrimination and retaliation," id. ¶ 36. Taking these allegations as true and drawing all reasonable inferences in favor of Plaintiff, his claim against Harper is sufficient to satisfy Twombly and its progeny. Defendants' motion to dismiss Plaintiff's § 1981 retaliation claim against Harper is therefore denied. Plaintiff makes no allegations, however, with respect to Individual Defendants. Thus, to the extent Plaintiff seeks to attach liability to Individual Defendants under § 1981 for retaliation, this claim is dismissed.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted in part and denied in part. Plaintiff's Title VII claim for discrimination is dismissed. Plaintiff's §§ 1982 and 1983

claims are dismissed. Plaintiff's § 1981 claim for discrimination is dismissed as to Individual Defendants, except for Knight. To the extent Plaintiff seeks to attach liability to Individual Defendants under § 1981 for retaliation, this claim is dismissed. However, "[a]s a general matter, Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint or other pleading." Bausch v. Stryker Corp., 630 F.3d 546, 562 (7th Cir. 2010); see also Smith v. Union Pac. R.R. Co., No. 11-2750, 2012 WL 1130279, at *3 (7th Cir. Apr. 5, 2012) (unpublished table decision). If Plaintiff can cure the deficiencies in his Amended Complaint to withstand a subsequent motion to dismiss, he may file a Second Amended Complaint on or before July 18, 2012.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge

United States District Court

DATED: July 11, 2012

12