

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| RICHARD E. LARKIN, JR., | |
| Plaintiff, | |
| v. | No. 11 C 2650 |
| WILLIAM RAINEY HARPER COLLEGE, ROBERT L. BREUDER, JOAN KINDLE, ASHLEY KNIGHT, SUSAN OVERLAND, RENEE ZELLNER, and DAVID T. RICHMOND, | Honorable Charles R. Norgle, Sr. Magistrate Jeffrey T. Gilbert |
| Defendants. | |

## CONFIDENTIALITY PROTECTIVE ORDER

This matter coming on to be heard on Defendants' Motion for Entry of a Confidentiality Protective Order, due notice having been given, and the court being fully advised and having determined that the terms set forth herein are appropriate to protective the respective interests of the parties, the public, and the Court:

**IT IS HEREBY ORDERED:**

1. The parties to this litigation shall have the right to designate as "Confidential" and subject to this Order any information, document, thing, or portion of any document or thing: (a) that contains confidential business information; or (b) that contains private or confidential personal information; or (c) that contains information received in confidence from third parties; or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. If either party to this litigation produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, such producing or disclosing party shall mark the same as "CONFIDENTIAL".

2. All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3 below, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by further order of the Court.

3. Confidential material and the contents of Confidential material may only be disclosed to the following:

    a. Legal counsel for the Defendants, including attorneys and secretarial, clerical, duplicating and data processing personnel;

    b.    Richard E. Larkin, Jr.;

    c.    Robert L. Breuder;

    d.    Joan Kindle;

    e.    Ashley Knight;

    f.    The College, which means the Board of Trustees, the College President, the College's cabinet-level administrators, and the College's Human Resources administrations;

    g.    The College's insurers;

    h.    The Court and court personnel;

    i.    Any deponent may be shown or examined on any information, document or thing designated as Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

    j.    Court reporting personnel involved in taking or transcribing any testimony in connection with this litigation; and

    k.    Larkin's treating medical providers, including but not limited to, any treating physician, counselor, therapist, psychologist, or psychiatrist.

    4.    With respect to any depositions that involve a disclosure of Confidential material of a party to this litigation, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform the other party that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3 above and the deponent during these thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of the transcript in accordance with Paragraph 3.

    5.    If Larkin or legal counsel for the Defendants receives documents or information marked as Confidential hereunder and objects to such designation of any or all of such items, the following procedure shall apply:

    a.    The objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. The designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting

that the document is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty make a timely response to such objection asserting the propriety of the designation, Larkin and legal counsel for the Defendants shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the challenge shall present the dispute to the Court for ruling.

6. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential.

7. This Order shall not deprive any party of its right to object to discovery by any party or on any otherwise permitted ground.

8. This Order shall survive the termination of this action and shall remain in full force and effect unless modified by further order of the Court or by the written stipulation of the parties.

9. Upon final conclusion of this litigation, each party shall assemble and return to the originating source all originals and unmarked copies of documents or things marked Confidential, should such a request by made in writing by either party.

ENTER:

_____
Honorable Charles R. Norgle, Jr.

3/7/2013

Prepared By:
Frank B. Garrett III (6192555)
David G. Weldon (6307293)
**ROBBINS SCHWARTZ NICHOLAS LIFTON & TAYLOR, LTD.**
55 W. Monroe, Suite 800
Chicago, Illinois 60603
(312) 332-7760 – ph. / (312) 332-7768 – fax
fgarrett@robbins-schwartz.com; dweldon@robbins-schwartz.com

3